19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leon CLARK, Petitioner-Appellant,
v.
Robert E. LECUREUX; Frank Kelley, Michigan Attorney
General, Respondents-Appellees.
 No. 93-1247.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 Before: KENNEDY, MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from an order denying a motion for reconsideration in a habeas corpus action brought under 28 U.S.C. Sec. 2254. The petitioner, Leon Clark, is a Michigan inmate serving a life sentence for a 1980 jury conviction for first degree murder. Clark filed his habeas petition in 1989. The district court referred the matter to a magistrate judge who concluded that the petition lacked merit and recommended denial of the writ. The district court adopted this recommendation, over Clark's objections, denying the writ in an order entered on January 21, 1992.
 
 
 3
 The district court's docket sheet reflects that no document of any kind was thereafter filed in the case until July 21, 1992. On that date, the court received a letter from Clark in which he inquired as to the status of a motion for rehearing said to have been presented for filing earlier. Clark attached a purported copy of the motion. At the bottom of the second page are a certificate of service and attestation which, taken together, indicate that the motion was served within 10 days of the underlying judgment. (Such service would be effective to toll the time for filing a notice of appeal if the motion for reconsideration--which did not cite a specific section of the Federal Rule of Civil Procedure--were construed as a motion to alter or amend judgment under Rule 59(e), rather than a motion for relief from judgment under Rule 60(b), Fed.R.Civ.P.) There is nothing elsewhere in the record to show that the motion was actually served within 10 days of the district court's decision or that filing was somehow impeded for reasons beyond Clark's control.
 
 
 4
 On October 13, 1992, Clark filed with the district court a document styled "Motion For Rehearing." In this document Clark said that he was filing his motion anew at the direction of the district court clerk. The only grounds advanced for rehearing were that "[t]he order dismissing petitioner's habeas petition was clearly erroneous and did not comport with the facts and law therein."
 
 
 5
 The district court denied the motion for two reasons. First, the court noted that the motion was untimely and that there was no proof that any earlier attempt at a motion for rehearing was rejected "for a reason which should not be attributed to petitioner." Second, the court noted that no concrete grounds for relief were presented. Clark took a timely appeal.
 
 
 6
 The district court's decision finds support in the record even if we assume that the underlying judgment is subject to review at this point. Clark cites two grounds for appeal. The first is that the chief witness against him has recanted his identification of Clark. Clark was convicted principally on the strength of pre-trial and in-court eyewitness identification by a William Patterson. Eight years later, when Patterson had been incarcerated for two weeks in the same prison as Clark, Patterson recanted his identification testimony. The magistrate judge conducted an evidentiary hearing on this issue and concluded that Patterson was not credible when he denied having picked out a photograph of Clark before the 1980 trial and when he claimed to have lied in his testimony about Clark's involvement in the homicide.
 
 
 7
 A trial court's findings of fact should not be reversed unless clearly erroneous. Fed.R.Civ.P. 52(a). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the firm conviction that a mistake has been committed. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). When the sole issue is one of witness credibility, Rule 52 demands even greater deference to the fact finder. Id. at 575. In light of the highly suspicious circumstances of the attempted recantation, and given the "great deference" to which the fact finder's credibility determination is entitled, we are not left with a firm conviction that a mistake has been committed here.
 
 
 8
 Clark's second contention is that he was deprived of his trial counsel of choice. Clark complained to the trial judge that he was unhappy with his counsel's performance. This complaint was voiced shortly after the jury was empaneled and before any evidence was adduced. The trial judge conducted a prompt inquiry into the matter and concluded that Clark's objections were of no moment.
 
 
 9
 While a criminal defendant has the right to counsel, there is no absolute right to change counsel during trial. When an accused seeks to substitute counsel after trial has commenced, he must demonstrate good cause for the substitution. Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir.1985).
 
 
 10
 Clark did not demonstrate good cause in his initial request for new counsel. Clark's sole stated reason for wanting new counsel was that counsel did not visit Clark in prison the week before trial. Nowhere does it appear, that Clark was harmed by this inaction.
 
 
 11
 The appeal is likewise without merit if the motion of October 1992 is construed as one made under Fed.R.Civ.P. 60(b). An appeal from the denial of a Rule 60(b) motion does not bring up for review the underlying judgment. Amernational Industries, Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.), cert. denied, 111 S.Ct. 2857 (1991). The denial of a Rule 60(b) motion is reviewed under an abuse of discretion standard. In re Salem Mortg. Co., 791 F.2d 456, 459 (6th Cir.1986). For reasons already suggested, Clark has failed to demonstrate an abuse of discretion here.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.